**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 19-1400
_____

DOLORES WRIGHT,
                                        Appellant

v.

COMMISSIONER SOCIAL SECURITY
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil Action No. 2-16-cv-09520)
District Judge:  Honorable Susan D. Wigenton
_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
July 2, 2019
Before:  KRAUSE, SCIRICA, and NYGAARD, <u>Circuit</u> <u>Judges</u>

(Opinion filed: July 30, 2019)
_____

OPINION[*]
_____

PER CURIAM

       Dolores Wright appeals the District Court's affirmance of the Administrative Law

Judge's ("ALJ") denial of her claim for disability insurance benefits ("DIB") and

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

supplemental security income ("SSI") under the Social Security Act. For the following reasons, we will affirm.

Writing only for the benefit of the parties, we recount the factual and procedural history briefly. Wright applied for SSI on February 29, 2012, and DIB on April 9, 2012, alleging disability beginning September 29, 2001, due to physical and mental impairments. These claims were initially denied on November 15, 2012, and again on reconsideration on February 27, 2013. Upon Wright's request, two hearings were held before an ALJ to consider additional evidence on April 8 and August 14, 2015. The ALJ issued a decision denying Wright's claims on August 21, 2015. On December 16, 2016, the Social Security Appeals Council denied Wright's request for review. Wright then exercised her right to appeal to the District Court under 42 U.S.C. § 405(g).

In considering Wright's appeal, the District Court noted that Wright had not submitted a brief that contained a meaningful statement of the issues, facts, or arguments presented for the court to review, in noncompliance with Local Rule 9.1(e).[1] Rather, Wright argued generally that the ALJ's decision was not supported by substantial evidence. Nevertheless, the District Court prepared a comprehensive opinion, examining whether substantial evidence supported the ALJ's decision. The District Court ultimately affirmed, holding that the ALJ correctly followed the five-step procedure for evaluating

---

[1] See L. Civ. R. 9.1(e)(5) (setting forth the briefing rules when the District Court in New Jersey reviews Social Security matters).

Wright's claims and that all of the ALJ's factual findings were supported by substantial evidence based on the administrative record.[2]  Wright timely appealed.

The District Court had jurisdiction over this matter pursuant to 42 U.S.C. § 405(g), and we have appellate jurisdiction pursuant to 28 U.S.C. § 1291.  Our standard of review is the same as that of the District Court: we "review the ALJ's application of the law de novo, and review the ALJ's factual findings for substantial evidence."  Poulos, 474 F.3d at 91 (internal citation omitted).  "Substantial evidence" is an evidentiary standard that is not high: it is "more than a mere scintilla" and means only "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  Biestek v. Berryhill, 139 S. Ct. 1148, 1154 (2019).  However, this standard is not met if the ALJ "ignores, or fails to resolve, a conflict created by countervailing evidence."  Kent v. Schweiker, 710 F.2d 110, 114 (3d Cir. 1983).  If the ALJ's findings of fact are supported by substantial evidence, we are bound by them.  Knepp v. Apfel, 204 F.3d 78, 83 (3d Cir. 2000).

On appeal, much like before the District Court, Wright does not set forth any specific argument as to how the ALJ erred or why the ALJ's conclusions should not be affirmed.  Instead, she notes how she has gone "back and forth" in trying to get disability for many years, and elaborates on her financial situation as necessitating her need for DIB and SSI benefits.  She complains about the two attorneys she had representing her during the administrative proceedings, alleging that "nothing was done" and that they

---

[2] The Social Security Administration established a five-step procedure in order to evaluate whether an individual is disabled for purposes of receiving DIB and SSI.  See 20 C.F.R. §§ 404.1520 and 416.920; see also Poulos v. Comm'r of Soc. Sec., 474 F.3d 88, 91–92 (3d Cir. 2007) (outlining the questions asked in the five-step procedure).

3

went on vacation.[3] However, Wright does little to contest the District Court's or the ALJ's determinations, stating only that "[she] kn[e]w they made the wrong decision." Appellant's Br. 5.

Consequently, we are inclined to view Wright's brief—which sets forth none of the issues addressed by the District Court and contains no citation to authority or the record—as effectively waiving any challenge to the District Court's rulings on these matters.[4] See Kost v. Kozakiewicz, 1 F.3d 176, 182 (3d Cir. 1993) (noting it is well settled that "appellants are required to set forth the issues raised on appeal and to *present an argument* in support of those issues in their opening brief" and that "if an appellant fails to comply with these requirements on a particular issue, the appellant normally has abandoned and waived that issue on appeal and it need not be addressed by the court of appeals" (emphasis added)); see also Doeblers' Pa. Hybrids, Inc. v. Doebler, 442 F.3d 812, 821 n.10 (3d Cir. 2006) (noting that "passing and conclusory statements do not preserve an issue for appeal").

---

[3] We need not address this conclusory, undeveloped accusation. See Ross v. Hotel Emps. & Rest. Emps. Int'l Union, 266 F.3d 236, 242 (3d Cir. 2001) ("Generally, absent *compelling* circumstances an appellate court will not consider issues that are raised for the first time on appeal." (emphasis added) (internal quotation marks omitted)).

[4] Wright, who has a Master's Degree in Court Administration and worked as paralegal for a law firm for several years, is proceeding pro se. While we are mindful of the Wright's pro se status, and although we construe pro se filings liberally, this policy has not prevented us from applying the waiver doctrine to pro se appeals. See, e.g., Emerson v. Thiel Coll., 296 F.3d 184, 190 n.5 (3d Cir. 2002) (per curiam); see also Mala v. Crown Bay Marina, Inc., 704 F.3d 239, 245 (3d Cir. 2013) (noting that pro se litigants "must abide by the same rules that apply to all other litigants").

Even if we declined to enforce this waiver, we would—for the reasons thoroughly discussed in the District Court's opinion—find no error in the District Court's affirmance. The District Court generously construed Wright's filings and made every reasonable inference it could, despite the lack of arguments and facts presented. Indeed, the District Court meticulously went through the five-step procedure required for determining disability, ensuring that the ALJ made correct conclusions of law. See Poulos, 474 F.3d at 91–92. The District Court also detailed the administrative record, and noted that all of the ALJ's conclusions were supported by a plethora of substantial evidence, including Wright's medical records, consultative exams, psychiatric evaluations, treatment notes by various treating physicians, and testimony presented at both hearings before the ALJ. See Biestek, 139 S. Ct. at 1154 (noting the threshold for the substantial evidence standard "is not high"). Our review of the administrative record leads us to the same conclusions as the District Court.[5]

Consequently, for the reasons stated above, we will affirm the District Court's judgment.

---

[5] We need not rehash here what the District Court's opinion already thoroughly detailed, especially given the lack of specific challenges to the District Court's determinations.